UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-337 (KMM/JFD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                       **PROTECTIVE ORDER**

1. SHAWN GRYGO,
2. SHANTEL MAGADANZ, and
3. HEATHER HEIM,

    Defendants.

The United States has moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for an order restricting the dissemination of certain Rule 16 discovery material. The Court will grant the Motion of the United States. Ms. Grygo's objection to Paragraph Five of this Protective Order is respectfully denied because the absence of a provision requiring persons to whom Protected Material is disclosed to agree to be bound by this Protective Order, and for documentation of that disclosure and that agreement to be generated, would vitiate this Protective Order.

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure. Those disclosures include materials that contain (1) substance use treatment

information, including the identities of clients and their substance use histories, diagnoses, and other sensitive information disclosed by clients in the course of their enrollment with Evergreen Recovery, Inc.; and (2) personal identifiers of non-party individuals, including dates of birth, social security numbers, driver's license numbers, home addresses, cell phone numbers, health care plan identification numbers, and other personal information. The United States has shown good cause why the dissemination of this protected material should be limited.

WHEREFORE, it is hereby ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further ORDERS as follows:

1. "Protected Material" means any material containing substance use treatment information, including the identities of clients and their substance use histories, diagnoses, and information disclosed by clients in the course of their enrollment with Evergreen Recovery, Inc, as well as personal identifiers, including dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, telephone numbers, health care plan

2

identification numbers, and any other personal information of non-party individuals/witnesses/patients.

2. Protected Material must be stored and handled in a manner commensurate with the confidential and sensitive nature of the Protected Material.

3. Protected Material shall be held in strict confidentiality by the defendants and defense counsel and may be used only for purposes of this litigation.

4. Protected Material may not be copied or disseminated, nor may the information contained in the documents and records be disclosed to anyone other than a "Qualified Person," defined as counsel for a defendant, and the investigators, paralegals, clerical staff, and secretarial staff employed by defense counsel, and expert witnesses and their staff retained by defense counsel. Defense counsel shall limit the making of copies to those necessary to their activities as counsel.

5. All individuals having access to Protected Material shall be informed of the terms of this Protective Order prior to disclosure. All such individuals shall certify, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms. Defense counsel shall maintain a file of such written certifications.

6. Defense counsel may advise the defendants of the contents of the Protected Material, subject to the condition that the defendants have read this Order and that they understand and agree that to be bound by its terms. Defense counsel may provide defendants copies of discovery materials provided all personal identifiers are first redacted from any documents which are left in the possession of any of the defendants.

7. The use of Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order punishable by sanctions.

8. Any filings with the Court that contain Protected Material shall be filed under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED."

9. Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within sixty (60) days of the conclusion of this litigation.

Dated: January 10, 2025            */s/ John F. Docherty*
                                    The Honorable John F. Docherty
                                    United States Magistrate Judge